# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | | |
|---|---|---|
| Alicia McMahan | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  3:17-cv-64-GNS |
| | ) | |
| Byrider Sales of Indiana S, LLC | ) | |
| d/b/a J.D. Byrider | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Joseph Cianelli | ) | |
|     6600 Dixie Highway | ) | |
|     Louisville, KY 40258 | ) | |
| | ) | |
| Byrider Finance, LLC | ) | |
| d/b/a CNAC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Joseph Cianelli | ) | |
|     6600 Dixie Highway | ) | |
|     Louisville, KY 40258 | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

    1.    This is an action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FCRA, § 1681p.

### PARTIES

    3.    Plaintiff Alicia McMahan is a natural person who resides in Jefferson County, Ky. Ms. McMahan is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

    4.    Defendant Byrider Sales of Indiana S, LLC d/b/a J.D. Byrider ("J.D. Byrider") is a Indiana limited liability company which has registered with the Kentucky Secretary of State. J.D.

Byrider's principal place of business is located at 12802 Hamilton Crossing Boulevard, Carmel, IN 46032. J.D. Byrider is a user of consumer credit reports within the meaning of the FCRA.

5.    Defendant Byrider Finance, LLC d/b/a CNAC ("CNAC") is an Indiana limited liability company which has registered with the Kentucky Secretary of State. CNAC's principal place of business is located at 12802 Hamilton Crossing Boulevard, Carmel, IN 46032. CNAC is a user of consumer credit reports within the meaning of the FCRA.

## STATEMENT OF FACTS

### I.    Facts Relating to Synchrony Bank

6.    Ms. McMahan purchased a 2010 Chevrolet Malibu from J.D. Byrider, which she financed through CNAC.

7.    J.D. Byrider charged her approximately $13,000.00 for the Malibu, which had a NADA retail value of about half that amount.

8.    On February 29, 2016, Ms. McMahan filed for Chapter 7 Bankruptcy relief in the Western District of Kentucky, Case No. 16-30614.

9.    Ms. McMahan listed CNAC as a creditor on her petition, listing CNAC's address as 12802 Hamilton Crossing Blvd., Carmel, IN 46032.

10.    Ms. McMahan did not reaffirm her debt with CNAC.

11.    On June 7, 2016, the Western District of Kentucky Bankruptcy Court issued a discharge in Ms. McMahan's bankruptcy case.

12.    The discharge eliminated her financial obligation to CNAC.

13.    Since filing her bankruptcy case, Ms. McMahan has been working hard to improve her credit and credit score. As part of this process, Ms. McMahan regularly reviews her consumer credit reports.

14.    In January 2017, Ms. McMahan discovered that J.D. Byrider made a hard credit inquiry for her Equifax and Trans Union credit reports on January 2, 2017, and that CNAC made a soft, account review inquiry for her Trans Union credit report on January 2, 2017.

15.    The FCRA does not expressly create a distinction between "hard" and "soft" credit inquiries.

16.    Rather, consumer reporting agencies classify every user's request to see a consumer report as either a "hard" or "soft" credit inquiry, depending on the type of inquiry made by the requesting party.

17.     As explained on the Credit Karma website, which is run by Trans Union:

> There are two kinds of inquiries that can occur on your credit report: hard inquiries and soft inquiries. While both types of credit inquiries enable a third party, such as you or a lender, to view your credit report, only a hard inquiry can negatively affect your credit score.
>
> **What is a Hard Inquiry?**
> Hard inquiries occur when a financial institution, such as a lender or credit card issuer, checks your credit report when making a lending decision. For example, hard inquiries commonly take place when a consumer applies for a loan, credit card, or mortgage. **You typically have to authorize a hard inquiry**. Most important to note, **hard inquiries will lower your credit score by a few points and remain on your credit report for two years**. As time passes, the damage to your credit score will decrease until the hard inquiry falls off your credit report.
>
> **What is a Soft Inquiry?**
> Soft inquiries occur when a person or company checks your credit report as a background check, such as when a potential employer checks your credit, when you are "pre-approved" for credit card offers, and when you check your own credit score. **A soft inquiry can occur without your permission.** Soft inquiries may be recorded in your credit report, depending on the credit bureau**, but they won't affect your credit score in any way.**

https://www.creditkarma.com/article/hard_inquiries_and_soft_inquiries (visited July 26, 2013) (bolding added).

18.     And is explained on the myfico.com[1] website,

> Credit inquiries are requests by a "legitimate business" to check your credit.
>
> As far as your FICO® score is concerned, credit inquiries are classified as either "hard inquiries" or "soft inquiries"–**only hard inquiries have an affect on your FICO score.**
>
> Soft inquiries are all credit inquiries where your credit is NOT being reviewed by a prospective lender. These include inquiries where you're checking your own credit (such as checking your score in

---

[1] "myFICO is the consumer division of FICO. Since its introduction 20 years ago, the FICO® Score has become a global standard for measuring credit risk in the banking, mortgage, credit card, auto and retail industries. **90 of the top 100 largest U.S. financial institutions use the FICO Score to make consumer credit decisions.**" http://www.myfico.com/Guest_Home.aspx (visited July 27, 2013) (emphasis added).

myFICO), credit checks made by businesses to offer you goods or services (such as promotional offers by credit card companies), or inquiries made by businesses with whom you already have a credit account.

**Hard inquiries are inquiries where a potential lender is reviewing your credit because you've applied for credit with them**. These include credit checks when you've applied for an auto loan, mortgage or credit card. . . . **A FICO score takes into account only *voluntary* inquiries that result from your application for credit.** The information about inquiries that can be factored into your FICO score includes:

- Number of recently opened accounts, and proportion of accounts that are recently opened, by type of account.
- Number of recent credit inquiries.
- Time since recent account opening(s), by type of account.
- Time since credit inquiry(ies).
- **A FICO score does not take into account any involuntary inquiries made by businesses with whom you did not apply for credit**, inquiries from employers, or your own requests to see your credit report

www.myfico.com/crediteducation/questions/inquiry-credit-score.aspx (visited July 26, 2013) (bolding and emphasis added).

19.     Whether a consumer reporting agency or FICO categorizes a credit inquiry as "hard" or "soft" depends directly on the user of the report and whether the user classifies its request as a voluntary or involuntary request, *i.e.* whether the request was made in connection with a credit transaction initiated by the consumer.

20.     J.D. Byrider's and CNAC's inquiries for Ms. McMahan's consumer credit reports on January 2, 2017 were all involuntary, *i.e.* Ms. McMahan did not initiate a credit transaction with J.D. Byrider or CNAC by applying for credit with J.D. Byrider or CNAC on or about January 2, 2017.

21.     Nonetheless, Consumer Reporting Agencies, including but not limited to Trans Union and Equifax, classified J.D. Byrider's inquiries for Ms. McMahan's consumer credit reports as "hard inquiries."

22.     Because Ms. McMahan financed her vehicle with CNAC, Ms. McMahan at no time had an account with J.D. Byrider.

23.     Because Ms. McMahan did not reaffirm her debt with CNAC, Ms. McMahan's account with CNAC ceased to exist after she received her discharge.

24.     Each of J.D. Byrider's and CNAC's requests for Ms. McMahan's consumer credit reports on January 2, 2017 were not made for a permissible purpose because no permissible purpose for requesting Ms. McMahan's credit report existed on January 2, 2017.

25.     Ms. McMahan's consumer credit report is replete with sensitive personal information. The unauthorized releases of Ms. McMahan's consumer credit reports to J.D. Byrider and CNAC were highly offensive to Ms. McMahan, as they would be to any other reasonable person.

## CLAIMS FOR RELIEF

### I.     Claims against Byrider Sales of Indiana S, LLC d/b/a J.D. Byrider

26.     On or about January 2, 2017, J.D. Byrider requested and obtained Ms. McMahan's consumer credit report for a purpose not permitted under 15 U.S.C. § 1681b.

27.     Ms. McMahan is entitled to recover her actual damages or $1,000.00, whichever is greater, under 15 U.S.C. § 1681n(b), from J.D. Byrider for its impermissible request for her credit report, plus her reasonable attorney's fees and costs.

### II.     Claims against Byrider Finance, LLC d/b/a CNAC

28.     On or about January 2, 2017, CNAC requested and obtained Ms. McMahan's consumer credit report for a purpose not permitted under 15 U.S.C. § 1681b.

29.     Ms. McMahan is entitled to recover her actual damages or $1,000.00, whichever is greater, under 15 U.S.C. § 1681n(b), from CNAC for its impermissible request for her credit report, plus her reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alicia McMahan requests that the Court grant her the following relief:

1.     Award Plaintiff maximum statutory damages against each Defendant;

2.     Award Plaintiff actual damages against each Defendant;

3.     Award Plaintiff reasonable attorney's fees and costs;

4.     A trial by jury; and

5.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com
*Counsel for Plaintiff*